UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MORNINGSTAR HOLDING CORPORATION, a Foreign Corporation qualified to do business in Idaho,<br><br>            Plaintiff,<br><br>    v.<br><br>G2, LLC, a California Limited Liability Company, HENRY GEORGE A/K/A JOHN DOE I, and RICH DOUGLAS A/K/A JOHN DOE II, individually, and as Partners or Members of a Joint Venture,<br><br>            Defendants. | Case No. CV-10-439-BLW<br><br>MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION TO REMAND OR IN THE ALTERNATIVE EXTEND TIME FOR SERVICE<br>(Docket No. 16) |

## INTRODUCTION

Currently before the Court is Plaintiff's Motion to Remand or Alternatively, Extend Time for Service (Doc. No. 16).[1] Oral argument on the motion was set for

---

[1] Plaintiff filed a Motion for Default Judgment against the appearing defendants as well on September 3, 2010 (Doc. 17), but withdrew this motion on September 30, 2010 (Doc. No. 33). Also pending but not addressed herein is Defendants' Motion to Dismiss and/or for Summary Judgment (Doc. No. 19). This Court intends to decide the Motion to Dismiss and/or Summary Judgment by separate decision. Given the outstanding issue of service of one remaining defendant, who may deprive this Court of jurisdiction over this

MEMORANDUM DECISION AND ORDER - 1

October 27, 2010. After reviewing the parties' briefs and arguments, the Court determined that oral argument would not aid the Court further in its decision, and that the motion would be decided on the written briefs. For the reasons set forth below, the Court denies Plaintiff's Motion to Remand and grants Plaintiff's alternative request to extend the time to serve the remaining individual defendant.

## BACKGROUND

Plaintiff Morningstar Holding Corporation is a Utah corporation registered to do business in Idaho, with an office, officers, employees and registered agent in Blaine County, Idaho. In August 2003, Plaintiff invested $2,000,000 in a High Yield Investment Program (HYIP), which was later discovered to be a fraudulent criminal scheme. Plaintiff claims it lost all but $15,000 of the investment.

During the pendency of the criminal action against the investment conspirators, Morningstar hired the defendants in this action to investigate and recover the money Plaintiff lost in the scheme. The named defendants are Henry George, a California resident, Rich Douglas, an Arizona resident, and Defendant G2, LLC ("G2"), a California LLC. Defendant George is the designated registered agent for G2. Morningstar entered into an Asset Recovery Agreement with Defendant G2 entity, and this lawsuit arises out

---

matter by not joining the request to remove to federal court, the Court will allow the parties in short order to submit any arguments and authority they wish to present on the issue of whether the Court should decide the dispositive motion prior to resolution of service of the remaining defendant.

of that arrangement.

Morningstar filed its original complaint in state court on May 4, 2010, alleging claims for fraud, intentional and negligent misrepresentation, negligence, breach of fiduciary duty, recission and breach of contract. Subsequently, Plaintiff discovered that both individual Defendants' names are aliases. Defendant Henry George's true identity is George Goldsmith (hereafter, "George/Goldsmith") and Defendant Rich Douglas's true identity is Rich Gurnett (hereafter, "Douglas/Gurnett"). Morningstar filed an Amended Complaint on June 4, 2010, adding Defendants' use of aliases as additional bases for the fraud claims.

After Plaintiff filed its Amended Complaint, the state court reissued summonses for all three defendants - G2 through Henry George as its registered agent, Henry George or John Doe I personally, and Rich Douglas or John Doe II personally.

Defendant Douglas/Gurnett has not been yet been served or appeared in this case. (*See* Dkt. 18, Exh. B). Whether his address is known by either of the other Defendants or Plaintiff is not clear in the record.

California Secretary of State records lists G2, LLC, as an active entity with a business address of 80 West Sierra Madre Blvd Ste 235, Sierra, Madre CA 91024, and Henry George as the registered agent for service at the same address. (Docket 16-2, p. 11). This address is a commercial post office box center. Henry George's personal address is 300 East Duarte Road, Arcadia CA 91006. (*See* George/Goldsmith

Declaration, Doc. 1-4, p. 2).

On July 21, 2010, after having made several unsuccessful attempts to personally serve Defendant George/Goldsmith as the registered agent for Defendant G2, and presumably in his personal capacity as well,[2] Plaintiff's process server left a copy of both Summonses for Defendant George/Goldsmith (one directed to him as G2's agent and the other to him in his personal capacity) and the Amended Complaint with the person in charge of the commercial post office box registered as G2's registered business address. *See Proof of Service of Summons and Declaration Regarding Diligence* (Dkt. 18, Exh. A); *George/Goldsmith Declaration*, (Dkt. 1-4). The process server also, on July 28, 2010, mailed by first-class mail, postage pre-paid, a copy of the "Summons; Amended Complaint" to "Henry George Registered Agent of Defendant, G2, LLC" at the registered mailing address. *Declaration of Mailing* (Dkt. 18, Exh. A).

Defendants George/Goldsmith and G2 filed a Notice of Removal to this Court on August 27, 2010, claiming that service had been accomplished on either one or both of them on a date not before July 28, 2010. *See Goldsmith Aff.*, Dkt. No. 1-4. Plaintiff filed the pending Motion to Remand on September 2, 2010. Plaintiff claims that Defendants'

---

[2]The record contains no Proof of Service specifying attempted service on Defendant George/Goldsmith in his personal capacity, but does suggest that the process server attempted to serve the Summons directed to Defendant George/Goldsmith in his personal capacity along with the Summons directed to him in his capacity as G2's registered agent. Defendant George/Goldsmith acknowledges that ultimately he received both Summonses in G2's post office mail box.

Notice of Removal is untimely because both Defendants were properly served on July 21, 2010, and their Notice of Removal was not filed within 30 days of service as required by the federal removal statute, 28 U.S.C. 1446(b).  Plaintiff accordingly asks the Court to remand this action back to the Fifth Judicial District of Idaho.  Alternatively, Plaintiff asks the Court to extend the time in which to serve the last individual defendant because of a conflict between the deadlines imposed for state and federal service of process.

## LEGAL STANDARD

### A.    Removal Statute

The removal statute requires defendants to file a notice of removal within 30 days of service of process.  28 U.S.C. § 1446(b).  The statute must be strictly construed against removal.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868 (1941); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831 (9th Cir. 2004); *Duncan v. Stuetzle,* 76 F.3d 1480 (9th Cir. 1996).  All proper defendants must unanimously agree to the removal.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988).  A defendant's 30-day time limit generally is triggered by formal service of process of the summons and complaint.  *Murphy Brothers*, *Inc.v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322 (1999).[3]

---

[3]In the case of multiple defendants served at different times, however, there is a split of authority regarding when the 30-day time frame commences to run for each defendant.  The Ninth Circuit has not yet weighed in on this issue, and courts in this Circuit are applying two different rules referred to as the "first-served" rule and the "last-served" rule.  *See Tomlinson Black North Idaho v. Hirk-Hughes et al*, 2006 WL 1663591,

## ANALYSIS

Whether the notice of removal is timely in this case depends on whether G2 and individual defendant Henry George was served on or after July 28, 2010, as they contend. If service was effective as to both of these defendants on July 21, 2010, the Notice of Removal is untimely. For the reasons set forth below, this Court finds that service was not effected as to either defendant prior to July 28, 2010, and that Defendants' Notice of Removal was therefore timely filed.

**A.     Service of Process**

The Federal Rules provide that an individual within the United States may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction *in the state where the district court is located or where service is made*; or
>
> (2) doing any of the following:

---

at *2 (D. Idaho 2006) (discussing two different rules). Under the "first-served rule," the 30-day time frame begins to run for each defendant on the date that the defendant is served with the summons and complaint. *See Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986). If the time runs and the first-served defendant fails to timely remove, it may not join a later-served defendant's request, unanimity fails and removal is prohibited. *Id.* Under the "last-served" rule, adopted recently in this District in *Tomlinson Black North Idaho*, *supra*, all defendants are allowed the 30-day time period from the date of service of the last proper defendant. The parties debate the application of the "last-served" rule in this case. The Court finds the argument irrelevant, however, because it finds that no defendant was properly served prior to July 28, 2010, and the Notice of Removal is timely as to both defendants.

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (emphasis added). This Rule was amended in 1993 to expand the state law method beyond that of just the forum state to add, to the list of options allowable under the federal rule, any method allowed also "by the state 'in which service is effected.'" *See* Fed. R. Civ. P. 4(e), Comment C4-22.

The Rules provide that a corporation, partnership or other unincorporated association must be served:

> (1) in a judicial district of the United States:
>
> > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> >
> > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(I).

Fed. R. Civ. P. 4(h).

In this case, it appears that neither of the Defendants was served by a means

specifically designated as sufficient under the Federal rule without regard to the state rules of service.  Service of process therefore is statutorily sufficient in this case if it complies with either the Idaho or California rules of service.  Fed. R. Civ. P. 4(e)(1) & (h)(1)(A).  Specifically, the question presented to this Court is whether, under California or Idaho service rules, service was effected by leaving a copy of the Summonses and Amended Complaint for Henry George individually, and/or as the registered agent for G2, with a "person in charge" at G2's registered business address, which happens to be a commercial post office box center.

Plaintiff argues that "personal service," presumably of both Defendants, was effected under Idaho law "upon delivery" on July 21, 2010, when the process server left the Summonses and Amended Complaint with the person in charge of the post office box center.  *Plaintiff's Memorandum in Support of Motion to Remand Or In the Alternative Extend Time for Service*, p. 1 (Dkt. 16-1).  The Court disagrees.

Under Idaho law, unless service is accomplished by publication under I. R. C. P. 4(e), service of an individual must take place upon the person or "some person" personally who is residing at the individual's dwelling, or an agent authorized to receive service on that defendant's behalf.  Defendant George/Goldsmith was not personally served, and there is no evidence that any person was appointed to receive process on his behalf.   There is no evidence in the record that Plaintiff effected service of Defendant George/Goldsmith on July 21, 2010, under Idaho law.

MEMORANDUM DECISION AND ORDER - 8

Likewise, Idaho law provides that service of a corporation take place by delivering a copy of the summons and complaint to some agent or officer or like position of the defendant company, or, in the case of a domestic corporation with no agent residing in the forum state, "by mailing copies of the summons and complaint by registered or certified mail to the corporation addressed to its registered place of business and to the president or secretary of the corporation at the addresses shown on the most current annual statement filed with the Secretary of State." I. R. C. P. 4(d)(4)(B). Again, Defendant George/Goldsmith as G2's agent, was not personally served a copy of any summons or complaint, and there is no suggestion or indication in the record that alternative service to a domestic corporation under I. R. C. P. 4(d)(4)(B) was attempted or accomplished. Accordingly, the Court finds that service was not effected under Idaho law as to either appearing Defendant on July 21, 2010, when the Summonses and Amended Complaint were left with the person in charge of the commercial post office box center.

Instead, service was effected under Idaho law upon Defendant George/Goldsmith in both his individual capacity, and as the registered agent for G2, as of July 28, 2010, under I. R.C.P. 4(d)(6). The Rule provides:

> *Receipt of Service.* In lieu of service upon an individual as provided above in this rule, service may be accomplished by an acknowledged written admission by the individual that the individual has received service of process, stating the capacity in which such service of process was received.

I. R. C. P. 4(d)(6). Goldsmith's attached affidavit (Docket No. 1-4) states that he first became aware of this action when on July 28, 2010, when he "received a delivery of

mail" from G2's private post office box in Sierra Madre, California. Goldsmith originally did not describe what specific papers he received - but he later filed a Declaration clarifying that he had received both the summons for George/Goldsmith individually and as the registered agent of G2 in the G2 mailbox. The Court finds this acknowledgment sufficient to satisfy the receipt of service requirement of I. R. C. P. 4(d)(6).

The Court finds the same result – service effected as to the appearing Defendants no sooner than July 28, 2010 – under California service rules, but under a different analysis. California law provides the following for substitute service upon a business entity:

> (a) In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified [for business entities], a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, *if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first- class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.* When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. *Service of a summons in this manner is deemed complete on the 10th day after the mailing.*

Cal. C. C. P. 415.20(a)(emphasis added). Substitute service upon an individual is effected as follows:

> (b) If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, *usual place of business, or usual mailing*

MEMORANDUM DECISION AND ORDER - 10

> *address* other than a United States Postal Service post office box, in the presence of a competent member of the household or a *person apparently in charge of his or her office, place of business, or usual mailing address* other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, *and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.*

Cal. C. C. P. 415.20(b) (emphasis added).

Defendants argue that service was not sufficient to effect service for either G2 or Henry George individually under California Rules of Civil Procedure. Plaintiff cites *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610 (C.D. Cal. 1995), which holds that substituted services at a private mailbox address is impermissible because the owner of a private post office box company is not a person with sufficient relationship with the renter of the box to assure that the renter will receive actual notice of the pending legal proceeding.

As Plaintiff points out, several more recent California cases interpreting the California substitute service statute hold otherwise in the context of a private/commercial post office box when the facts suggest that diligent efforts at personal service were undertaken and no other reasonable means of service are available. *See* Cal. C. C. P. § 415.20 (a) and (b) (authorizing substitute service); *Ellard v. Conway*, 114 Cal.Rptr.2d 399, 401-02 (Ct. App. 2001) (Noting that substitute service statute must be liberally construed and finding substitute service on private post office box effective where

diligent efforts had been made to locate new residential address and private post office box was usual mailing address); *Burrows v. City of League City, Texas*, 985 F. Supp. 704, 706 (S.D. Tex. 1997) (Finding mailing summons and complaint, certified with return receipt requested, to private post office box sufficient under California substitute service statute reasoning that if California legislature intended to exclude all post office boxes from substitute service statute, it would not have used limiting language "United States Postal Service post office box.").

The Court agrees with Plaintiff that under this latter line of cases, substitute service of G2 at the commercial post office box is sufficient under the facts presented by this case. The commercial post office box is G2's registered address. There is no indication in the record that there is any other reasonable means of service upon this Defendant. The process server attempted reasonably diligent personal service at both the registered address for G2 and a known residential address for Henry George before leaving a copy of the Summonses and Amended Complaints with a person in charge at this address in July 21, 2010.[4]

The Court disagrees with Plaintiff, however, that service was effective on that date under the California rule. The certificate of mailing that is also required by the California

---

[4] The Declaration Regarding Diligence state that between July 5, 2010 and July 21, 2010, the process service made four attempts to serve personally at the "business address" which was closed on each attempt, and three attempts to serve personally at Henry George's residence with no answer at the door each time. (Doc. 18, p. 6).

statute indicates that the Summons and Complaint was not mailed (by first-class mail, postage prepaid) until July 28, 2010. See Cal. C. Civ. P. 415.20(a). Service by this method under California law was sufficient, therefore, but was not effective until 10 days after July 28, 2010.[5] *See Ellard*, 114 Cal.Rptr.2d at 403 (Noting mailing requirement of Cal. C. C. P. § 415.20(b)).

Whether or not Henry George as an individual could have been served similarly, or was properly served is irrelevant. He appears to have accepted service of the Summons directed to him personally on July 28, 2010, and has made no challenge to the sufficiency of process served upon him.

Accordingly, the Court finds that both Defendants were served no sooner than July 28, 2010, and that the Notice of Removal is therefore timely. Plaintiff's Motion to Remand shall be denied.

## ALTERNATIVE MOTION TO EXTEND TIME FOR SERVICE

In lieu of granting Plaintiff's Motion to Remand to state court, Plaintiff requests the Court enter an order extending the time for service for the remaining individual defendant, Douglas/Gurnett. Plaintiff asks for the extension because under Idaho service rules, Plaintiff is permitted six months to effect service, but only 120 days under the Federal rule. Accordingly, applying the Federal rule after remand would effectively

---

[5]Although the Idaho statute would find service effective on the date of the mailing, the result would be no different. The mailing certificate date was July 28, 2010, not July 21, 2010.

render Plaintiff's service of the remaining Defendant untimely. Defendants have no objection to this request.

The Federal rule for service provides that a court must extend the time frame for service of process for an appropriate period upon a showing of good cause to do so. Fed. R. Civ. P. 4(m). The Court finds such good cause exists in this case.

The record contains two Non-service certifications as to service on Rich Douglas. While in state court, the process server made four attempts to serve Defendant Douglas/Gurnett at two different addresses between July 6, 2010, and July 22, 2010. The first address was another postal center; the second address was that of a warehouse house for a printing company listed as a "possible home address" for Mr. Douglas/Gurnett. The process server was not able to serve this Defendant at either address.

A federal court summons was issued on September 1, 2010, for Rich Douglas a/k/a John Doe a/k/a Gurnett. Accordingly to a letter in the file from counsel for the appearing defendants to Plaintiff's counsel, Defendants provided Plaintiff with an address for Defendant Douglas/Gurnett on September 17, 2010. The address was 5452 N. 78th St., Scottsdale, AZ 85250. On October 4, 2010, the Summons was returned un-executed. The Process Server states that he attempted personal service at the address provided by Defendants and the current occupant had lived at the residence for two years and the Defendant was unknown to her. (Doc. No. 36, p. 3).

The Court finds good cause to extend the date of service as to Defendant

Douglas/Gurnett based upon Plaintiff's diligent efforts established by the record to serve this defendant while the action was pending in State court, and the discrepancy between the time periods for service between the Federal rule and the Idaho rule. *Cf*. Fed. R. Civ. P 4(m) (allowing 120 days for service) and I. R. C. P. 4(a)(2) (allowing six months for service). Plaintiff's alternative motion shall be granted.

## REQUEST FOR ATTORNEY FEES

Defendants request an award of attorney fees for having to defend the motion to remand where, in its view, Defendants were never properly served but voluntarily appeared, Plaintiff's Motion to Remand was baseless, and Defendants 'stipulated' to allow Plaintiff more time to service the remaining defendant.

The Court denies this request. The Court finds that service was effected as to at least one defendant under a debatable question of California procedure and that Plaintiff's arguments for remand, though marginal, were not entirely baseless. For these reasons, Defendants' request for fees is denied.

## RESOLUTION OF PENDING MOTION TO DISMISS

Defendants Morningstar and George/Goldsmith have filed a Motion to Dismiss and/or Motion for Summary Judgment (Doc. No. 19) which has been briefed by the parties. The Court is not aware of any reason why it could not consider that motion before Defendant Douglas/Gurnett has been served and entered an appearance. On the other hand, it may be more prudent to delay resolving that motion until all parties are

before the Court . The Court will permit the parties an opportunity to set forth their position as to whether the Court can or should resolve the motion before all defendants are served. Such statements shall be submitted within five (5) days after the date of this decision.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Remand (Dkt. 16) is **DENIED**.

2. Plaintiff's Alternative Motion to Extend Time for Service upon Defendant Rich Douglas a/k/a John Doe II (Dkt. 16) is **GRANTED**. Plaintiff shall be permitted the additional sixty (60) days from the date of this Order within which to accomplish service upon the remaining individual Defendant.

3. Defendants' request for an award of attorneys' fees is **DENIED**.

4. The parties shall have five (5) days from the date of this Order within which to simultaneously file written memoranda and authority of their respective position on whether the Court can or should decide the pending Motion to Dismiss while service of the remaining Defendant is outstanding. If no memoranda are filed, the Court will proceed to rule on the motion.



DATED: **November 8, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

MEMORANDUM DECISION AND ORDER - 17