UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MORNINGSTAR HOLDING CORPORATION, a Foreign Corporation qualified to do business in Idaho, | Case No. CV-10-439-BLW |
| Plaintiff, | **ORDER REGARDING DEFENDANTS' MOTION FOR PROTECTIVE ORDER (Dkt. 82) and PLAINTIFF'S MOTION FOR DISCOVERY (Dkt. 77)** |
| v. | |
| G2, LLC, a California Limited Liability Company, HENRY GEORGE A/K/A JOHN DOE I, and RICH DOUGLAS A/K/A JOHN DOE II, individually, and as Partners or Members of a Joint Venture, | |
| Defendants. | |

The Court has before it several simultaneously filed motions and memoranda

raising discovery disputes: Plaintiff's Motion for Discovery (Dkt. 77), Defendants'

Memorandum on Pending Discovery Issues (Dkt. 79), and Defendants' Motion for

Protective Order (Dkt. 82). A central issue raised in the memoranda is the applicability of

an attorney-client or work product privilege to certain e-mail communications between

Defendant Goldsmith and an attorney, Michael Josephs, and co-defendant Rich Douglas.

ORDER - 1

The Court has reviewed the memoranda and affidavits by counsel, Mr. Goldsmith and Mr. Josephs submitted in support of the parties' respective positions.

The issue of the applicability of the attorney-client or work product privileges under the circumstances is a mixed question of law and fact. The factual record appears to be contested. It is clear and undisputed that Mr. Josephs represented the Plaintiff, Morningstar, in related litigation in Florida, and that G2 and/or Mr. Goldsmith was involved in retaining the Josephs Jacks law firm to represent the Plaintiff. It is also clear from the record that Mr. Goldsmith believed that, at some point, he and G2 believed they had an attorney-client relationship with Mr. Josephs, and that they both sought and received legal opinions from him regarding a matter potentially adverse to Plaintiff's interests.

Mr. Josephs disputes having an attorney-client relationship with Mr. Goldsmith or G2, and contends that to the extent any relationship had been formed, or any expectation of confidence developed, Mr. Goldsmith expressly waived this privilege with respect to the communications at issue in the parties' memoranda.

Because the affidavits by counsel, Mr. Goldsmith and Mr. Joseph's were filed simultaneously, it is not clear which factual statements set forth in the affidavits are disputed. The Court believes an evidentiary hearing on the factual record of the relationship between Mr. Josephs and Mr. Goldsmith and/or G2 may be necessary to resolve the issue of privilege applicable to the disputed communication.

For these reasons, the Court will allow the parties to file supplemental briefing (not to exceed five pages in length) on the issue of the standard of law the Court should apply and the necessity for an evidentiary hearing to resolve any factual disputes. *See* Fed. R. Evid. 501; *KL Group v. Case, Kay & Lynch*, 829 F.2d 909, 918 (9th Cir. 1987)(addressing law applicable to privilege issue).

The parties are also reminded that the Court is obligated to impose reasonable expenses in favor of the prevailing party on a motion for protective order or to compel discovery unless it finds the opposition "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A) & (B). For that reason, the Court encourages counsel to resolve this dispute without the need for further proceedings. If the parties are able to resolve the dispute, the scheduled evidentiary hearing will be vacated.

For the foregoing reasons,

IT IS HEREBY ORDERED:

1. The parties shall file responses to the pending Motion for Protective Order (Dkt. 82) and Motion for Discovery (Dkt.77) by August 3, 2011. Such responses shall be limited to five pages in length and shall address both the need for an evidentiary hearing and the applicable standard of law.

2. An evidentiary hearing in this matter shall be set for August 9, 2011, at 11:00 a.m. MDT at the United States courthouse in Boise, Idaho. Out of

state witnesses and counsel may appear by video to minimize the costs incurred by either party. If the parties are able to resolve this dispute, they are to immediately so advise the Court so that the hearing can be vacated.

DATED: **July 29, 2011**



Honorable B. Lynn Winmill
Chief U. S. District Judge