UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MORNINGSTAR HOLDING CORPORATION, a Utah corporation, qualified to do business in Idaho,<br><br>       Plaintiff,<br><br>  v.<br><br>G2, LLC, a California Limited Liability Company, Henry George a/k/a George H. Goldsmith, individually, and Rich Douglas a/k/a Richard D. Gurnett, individually, and as partners or members of a joint venture,<br><br>       Defendants. | Case No. 1:10-cv-439-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Plaintiff's Motion for Augmentation and Reconsideration (Dkt. 163). The Court finds that a response is not warranted and denies the motion as set forth below. Further, as requested by Defendants, the Court clarifies its Memorandum Decision and Order dated January 31, 2012 (Dkt. 158).

MEMORANDUM DECISION AND ORDER -1

# ANALYSIS

**1.      Motion to Reconsider Legal Standard**

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988).

Reconsideration of a court's prior ruling under Federal Rule of Civil Procedure 59(e) is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly

MEMORANDUM DECISION AND ORDER - 2

unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted).  If the motion to reconsider does not fall within one of these three categories, it must be denied.

**2.     Plaintiff's Motion for Augmentation and Reconsideration**

Plaintiff asks the Court to reconsider its ruling that Defendants are entitled to judgment in their favor on Plaintiff's tort claims (breach of fiduciary duty and negligence) seeking monetary damages because Plaintiff failed to come forward with evidence establishing causation and damage for these claims.  See Dkt. 158, pp. 22- 24. Plaintiff suggests that it requested that the Court hold the record open with respect to evidence of these damages pending ruling on the issue of attorney-client privilege between Michael Josephs and Defendants.  Plaintiff argues that the Court did not rule on the request to augment the record, and asks the Court to reconsider its decision and allow Plaintiff to augment the record on the damages claims.

Causation and damages are elements of Plaintiff's claims for breach of fiduciary duty and negligence.   In a case such as this, the Plaintiff generally must establish causation and damages through expert testimony.  The deadline to disclose an expert witness passed prior to the Court's decision on the attorney client-privilege issue and the motions for summary judgment.  Plaintiff did not disclose an expert to testify to these damages elements in compliance with Fed. R. Civ. P. 26(a)(2)(A).  This issue was addressed in the parties' briefing and at oral argument.  (See Dkt. 139, pp. 3-5; Transcript of Hearing, Oct. 5, 2011, pp. 17-18.)  Accordingly, there is no basis to reconsider the Court's ruling on this matter and the motion to reconsider is denied.

MEMORANDUM DECISION AND ORDER - 3

Plaintiff also requests that discovery be reopened as to the matters addressed in the Court's October 5, 2011 Order, finding no attorney-client privilege or work product doctrine basis to protect an e-mail communication between George Goldsmith and Michael Josephs.  The Court will grant Plaintiff leave to conduct discovery on this narrow issue. Plaintiff may depose Defendant Goldsmith regarding the documents which Defendants' claimed were privileged.

3. **Clarification of Order on Motions for Summary Judgment**

   A. **Contract Claims.**

The Court denied Plaintiff's motion for partial summary judgment on its claims for breach of contract.  Plaintiff argued that there are no questions of fact that the contract is unenforceable because it is either illegal or violates public policy because Defendants engaged in the unauthorized practice of law or private investigative services without a license.  Defendants contend that the issues raised in Plaintiff's motion were also the subject of G2/Goldsmith's "cross-motions" for summary judgment and G2's motion for summary judgment on its counter-claim and Morningstar's affirmative defense. Defendants therefore contend that the Court should have also granted their motions on these issues.

The Court denied both Plaintiff's motion for partial summary judgment and the Defendants' motions with respect to both of these claims.  The factual record is insufficient to establish what the Defendants did or did not do with respect to an alleged unauthorized practice of law or unlicensed private investigative services.  The record is not sufficiently developed to determine this claim on summary judgment in either

MEMORANDUM DECISION AND ORDER - 4

Plaintiff's or Defendants' favor.  These contract claims and affirmative defenses are therefore left for trial.

### B. Unilateral Modification and Rescission

The Court held that there are questions of fact involved in both the issue of material breach of contract and rescission. These claims are left for trial.

### C. Goldsmith Personal Liability

The Court held that Goldsmith's pseudonym on its business records on file with the California Secretary of State is not a sufficient basis to pierce the corporate veil or impose any liability of G2 onto Goldsmith personally.  The Court also granted judgment in favor of Defendants on Plaintiff's tort claims of breach of fiduciary duty and negligence.  Goldsmith is entitled to judgment and dismissal because the only remaining claim is breach of contract between Plaintiff and G2, and Plaintiff has failed to plead any other basis upon which to pierce the corporate veil or otherwise impose personal liability upon Goldsmith.

### D. Negligence and Breach of Fiduciary Duty

These claims are dismissed as set forth in the Memorandum Decision and Order.

### E. Defendant G2's motion on Plaintiff's affirmative defenses.

G2 moved for summary judgment on its Counter-claim for breach of contract and Plaintiff's affirmative defenses to the counter-claim.  Defendants correctly point out that the Order inadvertently omitted the Court's ruling on the affirmative defenses, though they are addressed in the Memorandum Decision. The Order shall be amended to reflect that Defendant G2's Motion for Summary Judgment on Counter-claims and Affirmative

MEMORANDUM DECISION AND ORDER -5

Defenses (Dkt.98) is denied with respect to G2's Counter-claim and Plaintiff's Seventh affirmative defense to the Counter-claim, but granted in all other respects.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Augmentation and Reconsideration (Dkt. 163) is **DENIED**.

2. Plaintiff's request to reopen the record is **GRANTED**. Plaintiff shall be granted leave to conduct Defendant George's deposition with respect to the limited issue(s) pertaining to the documents for which he previously asserted the attorney-client privilege or work product doctrine. The deposition shall not exceed one hour.

3. The Court's Memorandum Decision and Order dated January 31, 2012 (Dkt. 158) shall be AMENDED as follows:

    a. Defendants' Motion for Summary Judgment (Dkt. 96) is DENIED as to Plaintiff's breach of contract claim, and GRANTED as to Plaintiff's claims for negligence, breach of fiduciary duty and Defendant Goldsmith's personal liability.

    b. Defendant G2's Motion for Summary Judgment on Counter-claims and Affirmative Defenses (Dkt.98) is DENIED IN PART AND GRANTED IN PART. The motion is denied with respect to G2's Counter-claim and Plaintiff's seventh affirmative defense to the Counter-claim, but granted in all other respects.



DATED: March 13, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court